### WIDOW MADE QUASI TRUSTEE FOR CHILDREN.

Circuit Court of Cuyahoga County.

FLORENCE MAUD HOBSON v. S. LOUISE LOWER ET AL.

Decided, 1907.

*Wills—Life Estate in Widow—Residue to Children—Improvident Expenditures by Widow—May be Required to Answer as Quasi Trustee.*

A widow to whom property was devised for life, with power of disposition "for her use and benefit," the residue at her death to be divided among the testator's children, is a *quasi trustee* for said children, and must answer to their charge that she has improvi-

dently and wastefully used sums in excess of the reasonable expense of her support, moved out of the state and is dissipating the estate.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Error to the Court of Common Pleas.

The will under consideration in this case gives all of the testator's property to his widow in the following language:

"for the term of her natural life, and with full power to hold and dispose of part or all of the same for her use and benefit as she may see fit.

"Upon the death of my said wife, if there should be any residue of said estate, it is my will that such residue shall be divived equally among my four children."

Following the decision in the case of *Johnson* v. *Johnson*, 51 Ohio St., 446, we hold that the widow is a *quasi trustee* for the remaindermen, to-wit, the testator's children.

The petition alleging that the trustee has improvidently and wastefully used considerable sums in excess of the fair and reasonable expense of supporting and maintaining herself, has moved out of the state, and that the plaintiff, one of the remaindermen, fears that the estate will all be dissipated by the widow during her life time, we think she is called upon to answer the petition, and therefore overrule her demurrer to it.

*Horr & Lewenthal*, for plaintiff in error.

*A. B. Thompson*, for defendant in error.